UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



PORTVILLE TRUCK AND AUTO REPAIR, INC.

Plaintiff,

v.

MACK TRUCKS, INC. and BEAM MACK SALES & SERVICE, INC.,

Defendants.

**DECISION AND ORDER**

1:19-CV-01045 EAW

## **INTRODUCTION**

Plaintiff Portville Truck and Auto Repair, Inc. ("Plaintiff") commenced this action on August 2, 2019, in New York State Supreme Court, Cattaraugus County, alleging a violation of New York Vehicle and Traffic Law § 463(2)(d)(1) and claims for tortious interference with contract and business relations. (Dkt. 1 at 14-25). On August 8, 2019, defendant Mack Trucks, Inc. ("Mack") removed the action to this Court. (Dkt. 1). Presently before the Court are Plaintiff's motion to remand (Dkt. 12), defendant Beam Mack Sales & Service, Inc.'s ("Beam") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. 23), Mack's motion to dismiss pursuant to Rule 12(b)(1) (Dkt. 25), and Mack's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (Dkt. 38). For the reasons discussed below, the Court grants Plaintiff's motion to remand, and Defendants' pending motions are denied as moot.

- 1 -

## BACKGROUND

I. **Factual Background**[1]

Plaintiff is an auto repair shop that sells parts and provides repair services in Portville, New York. (Dkt. 1 at 14, 22). On June 24, 2003, Plaintiff entered into an Authorized Parts and Service Dealer Agreement (the "Agreement") with Buffalo Truck Center, Inc. ("Buffalo Truck"), which is a Mack distributor (*id.* at 22), and the Agreement was approved by Mack (*id.* at 30). The Agreement authorized Plaintiff to service Mack vehicles, sell parts for Mack vehicles, and use or install Mack parts to repair Mack vehicles. (*Id.*). In order to serve Mack customers, Plaintiff had access to portions of Mack's computer technology system that allowed Plaintiff to run diagnostics, order parts, and complete warranty work. (*Id.* at 31).

On May 15, 2017, Buffalo Truck sold its Mack dealership to Beam, and Plaintiff continued to service Mack vehicles. (*Id.* at 15). Plaintiff alleges that on June 27, 2018, Mack attempted to terminate the Agreement between Plaintiff and Beam, but that Plaintiff rejected this attempt and continued to operate as a Mack parts and services dealer with Beam until July 2019. (*Id.* at 15-16). On June 17, 2019, Mack sent a letter to Beam regarding whether Beam had assumed the Agreement as part of its acquisition of Buffalo Truck. (*Id.* at 48). On June 27, 2019, Beam responded that it had not assumed the Agreement, and denied the existence of a contractual relationship with Plaintiff. (*Id.*).

---

[1] The following facts are taken from the Complaint, notice of removal, and from the parties' papers submitted in support of and in opposition to the motion to remand.

On July 17, 2019, Mack terminated Plaintiff as a service provider and began the process of deactivating Plaintiff's access to Mack's electronic systems. (Dkt. 4-1 at ¶ 5). On or about July 20, 2019, without providing notice, Mack shut off Plaintiff's access to Mack's computer technology system. (Dkt. 1 at 17). At the time Plaintiff's access was cut off, it was actively repairing trucks. (*Id.* at 31). Plaintiff alleges that it "is the only convenient option for [Mack] customers for warranty work between Buffalo, New York and DuBois, Pennsylvania," including "municipalities and local governments." (*Id.* at 31). Plaintiff further alleges that if it is not granted access to Mack's computer system, its customers, "including dozens of municipalities, will be harmed." (*Id.* at 32).

## II. Procedural Background

On August 2, 2019, Plaintiff filed this action in New York State Supreme Court, Cattaraugus County, along with a request for injunctive relief requiring Mack to re-activate Plaintiff's access to the computer system. (*Id.* at 12-41). The state court judge granted an *ex parte* temporary restraining order by Order to Show Cause on August 6, 2019, setting a hearing date of August 15, 2019. (*Id.* at 43-44). Mack was served with a copy of the Order to Show Cause on August 8, 2019, and began reactivating Plaintiff's access to Mack's electronic systems that day. (Dkt. 4-1 at ¶ 6). Also on August 8, 2019, Mack removed the instant lawsuit to this Court. (Dkt. 1).

On August 9, 2019, Mack filed a motion to dissolve the Order to Show Cause (Dkt. 4) along with a motion to expedite the motion to dissolve (Dkt. 5). The same day, this Court granted the motion to expedite. (Dkt. 7). Plaintiff filed a response to the motion to dissolve (Dkt. 13) and a motion to remand (Dkt. 12) on August 16, 2019. On August 19,

2019, Mack filed a reply. (Dkt. 16). Oral argument was held before the undersigned on August 20, 2019, at which time the Court granted the motion to dissolve (Dkt. 17; Dkt. 18), but reserved decision on the motion to remand (Dkt. 18).

On September 27, 2019, Beam filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. (Dkt. 23). Mack filed a Rule 12(b)(1) motion to dismiss on September 30, 2019 (Dkt. 25), as well as an Answer (Dkt. 26). On October 18, 2019, Plaintiff filed an Amended Complaint as of right. (Dkt. 29). Plaintiff additionally filed oppositions to Defendants' motions on October 25, 2019. (Dkt. 33; Dkt. 34). On November 1, 2019, Mack filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (Dkt. 38), and an Answer to the Amended Complaint and counterclaims (Dkt. 39). Plaintiff answered Mack's counterclaim on November 22, 2019 (Dkt. 43) as well as filed an opposition to Mack's second motion to dismiss (Dkt. 44). Mack filed reply papers in further support of its second motion to dismiss on November 27, 2019. (Dkt. 45). On December 2, 2019, Beam filed a Verified Answer to the Amended Complaint and crossclaims against Mack (Dkt. 46), although it subsequently voluntarily dismissed the crossclaims (Dkt. 47; Dkt. 48).

## DISCUSSION

### I. Motion to Remand

#### A. Legal Standard

Title 28 U.S.C. § 1447(c) authorizes federal courts to remand a case "on the basis of any defect in removal procedure" or because "the district court lacks subject matter jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d

Cir. 1994). "In a case removed to federal court from state court, the removal statute is to be interpreted narrowly, and the burden is on the removing party to show that subject matter jurisdiction exists and that removal was timely and proper." *Winter v. Novartis Pharm. Corp.*, 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014) (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269 (2d Cir. 1994)). A court will "generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." *Vera v. Saks & Co.*, 335 F.3d 109, 119 n.2 (2d Cir. 2003).

"[O]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) ("[T]he burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." (citation omitted))); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). Moreover, "the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise," *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y.2000), and "any doubts as to removability should be resolved in favor of remand," *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001).

B. <u>Subject Matter Jurisdiction</u>

In the notice of removal, Mack contends the Court has jurisdiction over this matter because it is reasonably probable that the amount in controversy exceeds $75,000 and

because there is diversity of citizenship between all proper parties. For the following reasons, the Court finds that remand is appropriate because Mack has failed to establish this Court's diversity jurisdiction.

"Federal subject matter jurisdiction exists only when a 'federal question' is presented under 28 U.S.C. § 1331, or, as provided in 28 U.S.C. § 1332, where the plaintiffs and all the defendants are of diverse citizenship[.]" *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 542 (E.D.N.Y. 1999). "Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Court finds that diversity does not exist among all proper parties to this lawsuit. "'[C]itizens of different States' means that there must be complete diversity, i.e., that each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009); *see Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 445 (2d Cir. 1995) ("It is a long-settled rule that in order to invoke diversity jurisdiction, the petitioner must show 'complete diversity'—that is, that it does not share citizenship with any defendant."). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Plaintiff alleges it is a corporation organized and existing under the laws of New York with a principal place of business at 29 South Main Street, Portville, New York. (Dkt.

1 at 14). While Mack is a corporation organized and existing under the laws of Pennsylvania with a principal place of business at 7825 National Service Road, Greensboro, North Carolina (*id.* at 5), Plaintiff has also named as a defendant Beam, a corporation organized and existing under the laws of New York with a principal place of business at 2674 West Henrietta Road, Rochester, New York (*id.* at 14). Because both Plaintiff and Beam are New York corporations, diversity is defeated.

Despite Plaintiff and Beam being citizens of New York, Mack contends there is diversity because Beam has been fraudulently joined. "Fraudulent joinder is a legal term of art [used] to refer to the joinder of unnecessary or nominal parties in order to defeat federal jurisdiction." *Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) (alteration in original) (quotation omitted). The Second Circuit has explained:

> In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent join[d]er, and all factual and legal issues must be resolved in favor of the plaintiff.

*Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998) (footnote omitted). "In analyzing the fraudulent joinder issue, the court is permitted to look beyond the pleadings to resolve this jurisdictional question." *Audi of Smithtown, Inc. v. Volkswagen of Am., Inc.*, No. 08-CV-1773 (JFB)(AKT), 2009 WL 385541, at *3 (E.D.N.Y. Feb. 11, 2009); *see Bldg. and Constr. Trades Council of Buffalo, N.Y. and Vicinity v. Downtown*

*Dev., Inc.*, 448 F.3d 138, 150 (2d Cir. 2006) ("Although this ruling required the district court to look outside the pleadings, a court has discretion to do so when determining whether it has subject matter jurisdiction.").

The Court finds Mack has not met its "heavy burden" to clearly and convincingly prove fraudulent joinder—in other words, Mack has not established that Beam has "no real connection with the controversy." *Pampillonia*, 138 F.3d at 461. Mack argues there is fraudulent joinder because Plaintiff does not assert a cause of action against Beam or seek relief from Beam. (Dkt. 1 at 6-8). However, the standard is not whether Plaintiff *did* plead a claim for relief against Beam, but whether there is a *possibility* that a right to relief exists in state court. *See Ulysse v. AAR Aircraft Component Servs.*, 841 F. Supp. 2d 659, 685 (E.D.N.Y. 2012) ("[I]n general there need be only a possibility that a right to relief exists under the governing law to avoid a finding of fraudulent joinder." (quoting 14B Wright, Miller & Cooper, § 3723 at 638)); *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 182-83 (S.D.N.Y. 2003) ("Whether or not the complaint adequately alleges such participation and knowledge, however, are properly resolved on a motion to dismiss, not on a motion for remand. A 'defendant may not use removal proceedings as an occasion to adjudicate the substantive issues of a case.'" (quoting 14B Wright, Miller & Cooper, § 3721 at 331). Additionally, it is not "sufficient to argue that the complaint fails to state a cause of action against the defendant," *HealthNow N.Y., Inc. v. Meridian Techs., Inc.*, No. 11-CV-00483(S)(M), 2011 WL 7459188, at *2 (W.D.N.Y. Sept. 29, 2011) (quoting *Dexter v. A C & S Inc.*, No. 02 Civ.6522, 2003 WL 22725461, at *2 (S.D.N.Y. Nov. 18, 2003)), *report and recommendation adopted*, 2012 WL 713682 (W.D.N.Y. Mar.

5, 2012), nor is it dispositive that Beam initially sought dismissal of Plaintiff's claims, *see Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 328-29 (S.D.N.Y. 2009) ("Indeed, it is not even enough for the defendants asserting fraudulent joinder to show that Plaintiffs' cause of action against the non-diverse defendant would not survive a motion to dismiss." (quotation and alterations omitted)). Accordingly, the Court must determine whether the allegations in Plaintiff's Complaint could possibly state a claim against Beam.

Because Plaintiff's claims if remanded would be heard by a New York court, they are entitled to a liberal construction. *Nonnon v. City of New York*, 9 N.Y.3d 825, 827 (2007) ("On a CPLR 3211 motion to dismiss, the court will accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." (quotation omitted)); *see Gensler v. Sanolfi–Aventis*, No. 08-CV-2255, 2009 WL 857991, at *3 n.3 (E.D.N.Y. Mar. 30, 2009) (noting that "state procedural rules apply in evaluating a claim of fraudulent joinder").

Admittedly, the Complaint—which contains a cause of action pursuant to New York's Vehicle and Traffic Law § 469, a claim for breach of an implied-in-fact contract, and a claim for interference with business relations—does not expressly assert a cause of action against Beam, but rather only alleges these claims against Mack.[2] However, Mack

---

[2] In the Amended Complaint, Plaintiff asserts specific causes of action against both Beam and Mack. (Dkt. 29). However, the Court does not consider the Amended Complaint in deciding the motion to remand because it must "evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." *See Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003).

has not and cannot establish based on the allegations in the Complaint that no claim against Beam is possible.[3]

The Agreement, which "shall be construed in accordance with the laws of the Commonwealth of Pennsylvania" (Dkt. 1 at 25), and is thus governed by Pennsylvania law, *see Fin. One Pub. Co. v. Lehman Bros. Special Fin.*, 414 F.3d 325, 332 (2d Cir. 2005) ("[O]nce a court finds that a contractual choice-of-law clause is valid, the law selected in the clause dictates how the contract's provisions should be interpreted."), serves as the basis for at least some of Plaintiff's potential claims against Beam (Dkt. 1 at 15 ("Beam continued the associate dealer/Parts and Service Dealer relationship with [Plaintiff] after its purchase from Buffalo Truck Center, Inc.")).

"It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). Additionally, "an implied contract has the same legal effect as any other contract." *Id.* at 659 n.5. Under Pennsylvania law, "[a] contract implied in fact is an actual contract which arises where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from acts in the light of the surrounding

---

[3] Indeed, when Plaintiff did assert specific causes of action against Beam in the Amended Complaint, which contained many of the same factual allegations as set forth in the initial Complaint, the Court notes that Beam filed an Answer (Dkt. 46) and did not move for its dismissal.

circumstances." *Liss & Marion, P.C. v. Recordex Acquisition Corp.*, 983 A.2d 652, 659 (Pa. 2009) (quotation omitted).

The Complaint alleges that "[s]ince May 2017, [Plaintiff]'s interactions with Mack and Beam were essentially unchanged since it began acting as an associate dealer of Mack parts and service in 2003" (Dkt. 1 at 18), that Plaintiff entered into the Agreement with Buffalo Truck (*id.* at 15), and that "Beam continued the associate dealer/Parts and Service Dealer relationship with [Plaintiff] after its purchase from Buffalo Truck Center, Inc" (*id.*). Plaintiff also alleges the Agreement granted Plaintiff "a license to use [the Mack] tradename and service mark. There was a community of interest in the marketing of services related to Mack trucks between Beam, [Plaintiff] and Mack." (*Id.* at 16). Further, in the notice of removal, Mack attached a letter sent to it on behalf of Beam on June 27, 2019, over a month before the Complaint was filed, where Beam denies the existence of any contractual relationship with Plaintiff (*see* Dkt. 1 at 48 ("Beam does not have a contractual relationship with [Plaintiff].")), thus precipitating Mack's subsequent actions whereby "Mack shut off [Plaintiff]'s access to Mack's computer technology system causing direct damage to Plaintiff and Plaintiff's customers," (*id.* at 17).

Although the allegations in the Complaint as drafted may not sufficiently state a claim for breach of contract or implied-in-fact contract against Beam, the standard for determining whether a party has been fraudulently joined is whether a "plaintiff *could have* asserted a viable claim in state court based on that pleading." *MBIA Ins. Corp. v. Royal Bank of Can.*, 706 F. Supp. 2d 380, 394 (S.D.N.Y. 2009) (emphasis added). Liberally construing the Complaint as required by New York State law, and taking Beam's letter into

account as is permitted when considering an assertion of fraudulent joinder, the Court cannot say that "there is no possibility, based on the pleadings, that [Plaintiff] can state a cause of action against [Beam] in state court." *Pampillonia,* 138 F.3d at 461.

Mack argues that while the Court may look outside the pleadings to determine if the pleadings can state a cause of action, that review is limited only to amplifying or clarifying claims already in the Complaint, and that the letter from Beam submitted with the notice of removal "cannot be used to create a new claim that would defeat diversity jurisdiction." (Dkt. 16 at 12). However, the Court does not "create a new claim" using Beam's letter; rather, the Court finds the letter from Beam amplifies the factual allegations already in Plaintiff's Complaint. Indeed, the Court notes that it is Mack that brought the letter to the Court's attention, by attaching it to the notice of removal. If anything, Mack's submission of the letter from Beam undercut its burden—instead of showing fraudulent joinder by clear and convincing evidence, the letter supports the existence of a potential claim against Beam.

For the reasons set forth above, Mack has not met its burden of establishing fraudulent joinder,[4] and because the Court must resolve ambiguities in favor of remand, the Court finds it does not have subject matter jurisdiction over this case. Accordingly, Plaintiff's motion to remand (Dkt. 12) is granted.

---

[4] Plaintiff also argues that the amount in controversy does not exceed $75,000 (Dkt. 12-1 at 3-10), but the Court need not reach this issue because it finds that regardless, Mack has failed to meet its burden of establishing that the parties are diverse for purposes of subject matter jurisdiction.

## II. Motions to Dismiss

Because the Court lacks jurisdiction over the instant matter, it cannot rule on the pending motions to dismiss. Accordingly, Beam's motion to dismiss for failure to state a claim (Dkt. 23), Mack's motion to dismiss for lack of subject matter jurisdiction (Dkt. 25), and Mack's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim (Dkt. 38) are denied as moot.

## CONCLUSION

For the foregoing reasons, the motion to remand (Dkt. 12) is granted, and Beam's 12(b)(6) motion to dismiss (Dkt. 23), Mack's motion to dismiss pursuant to 12(b)(1) (Dkt. 25), and Mack's motion to dismiss pursuant to 12(b)(1) and 12(b)(6) (Dkt. 38) are denied as moot. The case is remanded to the New York State Supreme Court, Cattaraugus County. The Clerk of Court is instructed to mail a certified copy of this Decision and Order, with a clear reference to Supreme Court, Cattaraugus County, Index No. 88417/2019 to the clerk of the state court, and then to close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

DATED: January 27, 2020
Rochester, New York