UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PORTVILLE TRUCK AND AUTO REPAIR,
INC.

                   Plaintiff,                          **DECISION AND ORDER**

          v.                                      1:19-CV-01045 EAW

MACK TRUCKS, INC. and BEAM MACK
SALES & SERVICE, INC.,

                   Defendants.
_____

## INTRODUCTION

Plaintiff Portville Truck and Auto Repair, Inc. ("Plaintiff") commenced this action on August 2, 2019, in New York State Supreme Court, Cattaraugus County, alleging a violation of New York Vehicle and Traffic Law § 463(2)(d)(1) and claims for tortious interference with contract and business relations.  (Dkt. 1 at 14-25).  On August 8, 2019, defendant Mack Trucks, Inc. ("Mack") removed the action to this Court (Dkt. 1), and the Court granted Plaintiff's motion to remand the proceedings to state court on January 27, 2020 (Dkt. 49).  Presently before the Court is Plaintiff's motion for attorneys' fees pursuant to 28 U.S.C. § 1447(c).  (Dkt. 51).  For the reasons discussed below, the Court denies Plaintiff's motion.

## BACKGROUND

The factual and procedural background of this matter is set forth in detail in the Court's Decision and Order of January 27, 2020 (Dkt. 49), familiarity with which is

assumed for purposes of the instant Decision and Order.  The Court sets forth facts relevant to the pending motion below.

On June 24, 2003, Plaintiff entered into an Authorized Parts and Service Dealer Agreement (the "Agreement") with Buffalo Truck Center, Inc. ("Buffalo Truck"), which is a Mack distributor (Dkt. 1 at 22), and the Agreement was approved by Mack (*id.* at 30). On May 15, 2017, Buffalo Truck sold its Mack dealership to Beam.  (*Id.* at 15).  Plaintiff alleges that on June 27, 2018, Mack attempted to terminate the Agreement between Plaintiff and Beam, but that Plaintiff rejected this attempt and continued to operate as a Mack parts and services dealer with Beam until July 2019.  (*Id.* at 15-16).  On or about July 20, 2019, without providing notice, Mack shut off Plaintiff's access to Mack's computer technology system.  (Dkt. 1 at 17).

On August 2, 2019, Plaintiff filed this action in New York State Supreme Court, Cattaraugus County, along with a request for injunctive relief requiring Mack to re-activate Plaintiff's access to the computer system.  (*Id.* at 12-41).  The state court judge granted an *ex parte* temporary restraining order ("TRO") by Order to Show Cause on August 6, 2019. (*Id.* at 43-44).  On August 8, 2019, Mack removed the instant lawsuit to this Court (Dkt. 1), and filed a motion to dissolve the Order to Show Cause the next day (Dkt. 4).  Oral argument was held before the undersigned on August 20, 2019, at which time the Court granted the motion to dissolve (Dkt. 17; Dkt. 18), but reserved decision on the motion to remand (Dkt. 18).  Defendants filed motions to dismiss the Complaint (Dkt. 23; Dkt. 25), and Plaintiff filed an Amended Complaint on October 18, 2019 (Dkt. 29).  Mack also filed a motion to dismiss Plaintiff's Amended Complaint.  (Dkt. 38).  On January 27, 2020, the

Court issued a Decision and Order granting Plaintiff's motion to remand, and denying the pending motions to dismiss as moot.  (Dkt. 49).

On February 20, 2020, Plaintiff filed a motion for attorneys' fees (Dkt. 50), and the same day filed an amended motion (Dkt. 51).  The Court denied the initial motion as moot and set a briefing schedule for the amended motion.  (Dkt. 52).  Mack filed its response on March 2, 2020 (Dkt. 53), and Plaintiff replied on March 10, 2020 (Dkt. 54).

## DISCUSSION

### I.  Legal Standard

Federal law authorizes the Court to impose an award for attorneys' fees and costs upon remand.  Pursuant to 28 U.S.C. § 1447(c):

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  *An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal*.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c) (emphasis added).  "Granting an award of attorneys' fees incurred as a result of a removal is within the district court's discretion. . . .  However, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  *Sleppin v. Thinkscan.com, LLC*, 55 F. Supp. 3d 366, 381 (E.D.N.Y. 2014) (internal quotations and citations omitted); *see Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an

- 3 -

objectively reasonable basis for seeking removal"). "Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed." *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011). "An award of costs and fees pursuant to 28 U.S.C. § 1447(c) does not require a finding of bad faith by the removing party. . . . Although the absence of bad faith . . . weighs against the award of costs and fees, this is true only where the court finds at least a colorable question as to whether removal is proper." *HealthNow N.Y., Inc. v. Meridian Technologies, Inc.*, No. 11-CV-00483(S)(M), 2011 WL 7459188, at *3 (W.D.N.Y. Sept. 29, 2011) (internal quotations and citations omitted), *adopted*, 2012 WL 713682 (W.D.N.Y. Mar. 5, 2012).

## II.  <u>Plaintiff's Motion</u>

Plaintiff argues that Mack's removal of the case "while in default of a lawful State Court Order" presents an unusual circumstance that should allow for the grant of attorneys' fees. (Dkt. 51-1 at 7). Plaintiff also contends that Mack lacked an objectively reasonable basis to remove the case. (*Id.*).

The Court finds that Mack's removal of this matter after the state court's issuance of an *ex parte* TRO is not an "unusual circumstance" sufficient to justify the award of attorneys' fees. First, Plaintiff conceded at oral argument that Plaintiff could be compensated with monetary damages, and that the TRO should be vacated:

> MR. O'CONNOR: Judge, I would concede that money damages can compensate [Plaintiff]. . . .
>
> THE COURT: So you would agree the TRO should be vacated?
>
> MR. O'CONNOR: Yes, Judge.

(Dkt. 19 at 12).  Plaintiff accuses Mack of forum shopping, stating that Mack "received the undeserved benefit of dissolving the TRO under the stricter federal rules."  (Dkt. 54 at 5). However, New York law, similar to federal law, requires a finding of irreparable harm for a TRO to be granted.  *See* CPLR § 6301 ("A temporary restraining order may be granted pending a hearing for a preliminary injunction where it appears that *immediate and irreparable injury*, loss or damage will result unless the defendant is restrained before the hearing can be had." (emphasis added)).  Additionally, New York law provides that "[i]rreparable injury, for purposes of equity, . . . mean[s] any injury for which money damages are insufficient."  *Eastview Mall, LLC v. Grace Holmes, Inc.*, 182 A.D.3d 1057, 1058 (4th Dep't 2020) (quoting *Di Fabio v. Omnipoint Commcn's, Inc.*, 66 A.D.3d 635, 636-37 (2d Dept. 2009)).  In other words, Plaintiff conceded that the TRO should be vacated under either federal or New York standards.

In any event, the record shows that Mack attempted to comply with the TRO, but that the process of allowing Plaintiff to re-access Mack's system was complicated, and the TRO could not be complied with immediately.  (*Id.* at 5-7).  It bears repeating that the TRO was obtained *ex parte*—and accordingly, the issuing court necessarily failed to consider the difficulties that would be encountered by Mack in complying with the relief sought by Plaintiff.  Nothing in the record before the Court shows that Mack was misrepresenting its ability to reconnect Plaintiff to its system.  Plaintiff noted that it only took Mack three days to disconnect Plaintiff from the system (Dkt. 19 at 10), but that contention does not refute Mack's statements that reconnecting Plaintiff was a more time-consuming process.  The Court finds that Mack's attempts to comply with an *ex parte* TRO that Plaintiff agreed

- 5 -

should be vacated do not constitute "unusual circumstances" that justify an award of attorneys' fees to Plaintiff.

Additionally, the Court finds the record before it does not establish that Mack filed the Notice of Removal "to delay and prolong the litigation."  (Dkt. 51-1 at 8).  Mack had at least a colorable basis for removal: that Plaintiff fraudulently joined Beam, against whom there were no allegations in the original complaint, in an effort to defeat diversity. Although the Court ultimately found that diversity did not exist because there was a possibility that Plaintiff could plead a claim for relief against Beam, Mack's arguments were not unreasonable or frivolous.  *See Koninklijke Philips Elecs. v. Digital Works, Inc.*, 358 F. Supp. 2d 328, 335 (S.D.N.Y. 2005) (granting motion to remand but denying motion for attorneys' fees because the court did "not believe defendant's removal was frivolous or plainly unreasonable").  Nor under the circumstances of this case, where the Complaint did not contain direct allegations against Beam, was there clear Second Circuit or Supreme Court precedent barring Mack's grounds for removal.  *See Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (holding that "if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees," and that district court decisions "do not render the law clearly established"); *Little Rest Twelve, Inc. v. Visan*, 829 F. Supp. 2d 242, 245 (S.D.N.Y. 2011) ("If a defendant's grounds for removal are not clearly barred by established federal law, then an award of attorney's fees and costs is improper.").  Accordingly, the Court finds Mack had an objectively reasonable basis for removal, and that an award of attorneys' fees is not warranted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorneys' fees (Dkt. 51) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

DATED:      June 25, 2020
            Rochester, New York